IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM HARRIS,  )<br>  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>BRIAN HYDE, *et al*.,  )<br>  )<br>    Defendants.  ) | Civil Action No. 15-39J<br><br>Magistrate Judge Lisa Pupo Lenihan |

## ORDER

Defendants have filed a Motion to Dismiss the Complaint with one argument in support of dismissal being that Plaintiff failed to exhaust his administrative remedies before filing suit as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

**THE PARTIES ARE HEREBY NOTIFIED THAT THE PENDING MOTION TO DISMISS WILL BE TREATED AS A MOTION FOR SUMMARY JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 56 WITH RESPECT TO THE ISSUE OF PLAINTIFF'S EXHAUSTION OF ADMINISTRATIVE REMEDIES**. *See* Renchenski v. Williams, 622 F.3d 315 (3d Cir. 2010). Plaintiff is advised that in treating the motion to dismiss as a motion for summary judgment on this issue, the motion will be evaluated under the standard set forth in Rule 56 of the Federal Rules of Civil Procedure. Plaintiff is on notice that failure to respond to the pending motion may result in the entry of judgment against him.

**AND NOW,** this 15th day of June, 2015**:**

**IT IS HEREBY ORDERED** that no formal discovery, such as interrogatories, requests for production or requests for admission will be allowed in this case without leave of court. However, no later than **June 29, 2015**, Defendants shall provide Plaintiff with all grievances and

appeals or other similar documents in its possession concerning the alleged incident or incidents. Plaintiff may not submit requests for discovery to Defendants without leave of court.

**IT IS FURTHER ORDERED** that Plaintiff shall be allowed until **July 16, 2015**, to respond to Defendants' motion concerning **both** the exhaustion issue and the other arguments in support of dismissal.

**IT IS FURTHER ORDERED** that **no extensions** will be granted without just cause.

**IT IS FURTHER ORDERED** that Plaintiff is advised that his response to the motion may include opposing or counteraffidavits (executed by the plaintiff or other persons) which have either been sworn to under oath (notarized) or include at the end of the document, immediately before the plaintiff's signature, the following in accordance with 28 U.S.C. § 1746: "I declare under penalty of perjury that the foregoing is true and correct.  Executed this __ day of ____ , 2013."

**IT IS FURTHER ORDERED** that all affidavits, opposing or counteraffidavits must be based upon the personal knowledge of the person executing the affidavit; that no affidavit, amended complaint, pretrial narrative or other document containing Plaintiff's allegations will be considered when determining the motion for summary judgment unless it has been notarized before a notary public or unless it contains a declaration under penalty of perjury as set forth above; that Plaintiff may attach to his affidavits copies of any depositions, answers to interrogatories, institutional records or other documents they wish this court to consider when addressing the summary judgment motion; and that the motion for summary judgment will be evaluated under the procedure standard set forth in Rule 56 of the Federal Rules of Civil Procedure; and that failure to respond may result in entry of judgment against him.

**IT IS FURTHER ORDERED** that Plaintiff shall serve on counsel for Defendants a copy of each pleading or other document submitted for consideration by the court and shall include with each document filed a certificate stating the date a true and correct copy of the pleading or document was mailed to each attorney. Any pleading or other document received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service shall be returned to Plaintiff by the Clerk.

**IT IS FURTHER ORDERED** that should Plaintiff fail to comply with this order, the motion will be decided without the benefit of Plaintiff's response and the Court will consider dismissal of this action for failure to prosecute.

**IT IS FURTHER ORDERED** that, in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and the Local Rules of Court, the parties are allowed fourteen (14) days from the date of issuance of this Order to file an appeal to the District Judge, which includes the basis for objection to this Order. Any party opposing the appeal shall have fourteen (14) days from the date of service of the notice of appeal to respond thereto. Failure to file a timely notice of appeal will constitute a waiver of any appellate rights.

/s/ Lisa Pupo Lenihan<br>
Lisa Pupo Lenihan<br>
United States Magistrate Judge

**Cc:** William Harris
CX-7039
SCI Fayette
Box 9999
LaBelle, PA  15450-0999