IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN

| | | |
|---|---|---|
| WILLIAM HARRIS, | ) | |
| Plaintiff, | ) | 3:15-CV-00039-LPL |
| vs. | ) | ECF NO. 24 |
| BRIAN HYDE, HEALTH CARE ADMINISTRATOR; TREVOR WINGARD, SUPERINTENDENT; HEIDI SROKA, SUPERINTENDENT'S ASSISTANT; JOSEPH MAZURKIEWICZ, DEPUTY SUPERINTENDENT; HARR, LIEUTENANT; AND ROBERT D. KINZEY JR., LIEUTENANT; | ) | |
| Defendants, | | |

**Memorandum Order on Motion to Dismiss**

Plaintiff is an inmate currently in the custody of the Pennsylvania Department of Corrections. He has filed a Section 1983 complaint alleging that the Defendants conspired to confiscate his knee braces and failed to return them to him in a timely manner. He also appears to aver that he has been denied adequate medical care due to a failure to adequately monitor his blood pressure. Defendants filed a motion to dismiss which the Court converted to a motion for summary judgment solely on the issue of exhaustion. Plaintiff has filed a response in opposition. This motion is now ripe for disposition.

I. **Federal Rule of Civil Procedure 12(b)(6)**

Recently, the United States Court of Appeals for the Third Circuit summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the
> Federal Rules of Civil Procedure, a Plaintiff must come forward
> with "a short and plain statement of the claim showing that the

1

> pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556
> U.S. 662, 678 (2009), a claimant must state a "plausible" claim for
> relief, and "[a] claim has facial plausibility when the pleaded
> factual content allows the Court to draw the reasonable inference
> that the Defendant is liable for the misconduct alleged." Although
> "[f]actual allegations must be enough to raise a right to relief
> above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550
> U.S. 544, 555 (2007), a Plaintiff "need only put forth allegations
> that raise a reasonable expectation that discovery will reveal
> evidence of the necessary element." *Fowler*, 578 F.3d at 213
> (quotation marks and citations omitted); *see also Covington v. Int'l
> Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117–18 (3d
> Cir. 2013).

*Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).

When considering *pro se* pleadings, a court must employ less stringent standards than when judging the work product of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). In a §1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting *Higgins*, 293 F.3d at 688). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See*, *e.g.*, *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 2102 (10th Cir. 1996).

The court must allow amendment by the plaintiff in civil rights cases brought under § 1983 before dismissing pursuant to Rule 12(b)(6), irrespective of whether it is requested, unless

2

doing so would be "inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007); *see also Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (asserting that where a complaint is vulnerable to dismissal pursuant to 12(b)(6), the district court must offer the opportunity to amend unless it would be inequitable or futile).

## II. Federal Rule of Civil Procedure 56

Summary judgment is appropriate if, drawing all inferences in favor of the nonmoving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of identifying evidence, or the lack thereof, which demonstrates the absence of a genuine issue of material fact. *Nat'l State Bank v. Fed.l Reserve Bank of New York*, 979 F.2d 1579, 1581-82 (3d Cir. 1992) (citing *Celotex,* 477 U.S. at 323-25). Once that burden has been met, the nonmoving party may not rest on the allegations in the complaint, but must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324 (quoting FED. R. CIV. P. 56(e) (1963). *See also Orsatti v. New Jersey State Police,* 71 F.3d 480, 484 (3d Cir. 1995) ("Plaintiff cannot resist a properly supported motion for summary judgment merely by restating the allegations of his complaint, but must point to concrete evidence in the record that supports each and every essential element of his case.") (citing *Celotex, supra*).

An issue is genuine only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). Finally, while any evidence used to support a motion for summary judgment must be admissible, it is not necessary for it to be in admissible form. *See* FED. R. CIV. P. 56(c)(2); *Celotex*, 477 U.S. at 324; *J.F. Feeser, Inc., v. Serv-A-Portion, Inc.*, 909 F.2d 1524, 1542 (3d Cir. 1990).

**III.     Analysis**

The Court first considers the issue of exhaustion that was converted into a summary judgment motion. Plaintiff has raised some opposition to the allegation that he failed to appeal his grievances. For example, when the initial grievance over the deprivation of his knee braces was granted, Plaintiff argues there was no need to file an appeal. The Court agrees with this reasoning. There is some confusion in the record before the Court as to what other grievances were filed when, and about what issues. It is the belief of the Court that a hearing would be required in order for the Court to determine as a matter of law whether or not Plaintiff has exhausted the administrative remedies available to him. Because of this, the Court prefers to rule on the remaining issues raised in the motion to dismiss, and defer any ruling on the exhaustion issue until the underlying claims can be addressed.

Defendants also filed a motion to dismiss alleging that (1) Plaintiff has failed to establish the Defendants' personal involvement, (2) Defendant Hyde should be terminated because Plaintiff was under the supervision of medical personnel at the time, (3) Plaintiff has failed to state a claim for deliberate indifference, and (4) Plaintiff has failed to state a conspiracy claim. Viewed in the light of the forgoing liberal pleading standards, this Court finds that the allegations in the Complaint, when taken as true, allow the Court to draw a reasonable inference that the Complaint meets the standards as enunciated in *Twombly* and *Iqbal*. *See also*, *Fowler*, 578 F.3d

at 210, quoting *Iqbal*, 129 S.Ct. at 1948. ("To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the Court to draw the reasonable inference that the Defendant is liable for the conduct alleged.'").

Having said this, the Court is further of the opinion that a brief period of discovery will bear out the issue of whether or not Defendants have been deliberately indifferent to Plaintiff's medical needs, which is the core of the Complaint before the Court at this time.[1]

Therefore,

**this 16th day of December, 2015,** after due consideration to Defendant's motion for summary judgment on the issue of exhaustion, and Plaintiff's response thereto (ECF No. 7), **IT IS HEREBY ORDERED** that Defendant's motion is **DENIED** without prejudice to raise again if Plaintiff survives a summary judgment motion on the underlying claims..

**IT IS FURTHER ORDERED,** after due consideration to Defendant's motion to dismiss the complaint and Plaintiff's response thereto, that Defendant's motion to dismiss (ECF No. 24) **IS DENIED**.

_____
Lisa Pupo Lenihan
U.S. Magistrate Judge

cc: **WILLIAM HARRIS**
CX-7039
SCI Fayette
Box 9999
LaBelle, PA 15450-0999

---

[1] The Court is strongly considering a brief period of discovery, followed by a motion for summary judgment and a hearing on the issues presented.