IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM HARRIS, | ) | |
| | ) | Civil Action No. 15 – 39J |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| BRIAN HYDE, *et al.*, | ) | |
| | ) | ECF No. 83 |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Pending before the Court is a Supplemental Motion for Summary Judgment filed by Defendants on October 21, 2016, (ECF No. 83), to which Plaintiff responded on November 23, 2016, (ECF No. 89). The Supplemental Motion is in response to this Court's Opinion and Order dated September 21, 2016, (ECF No. 80), wherein the Court granted Defendants' Motion for Summary Judgment but reserved ruling on a retaliation claim that was not addressed in that Motion. For the following reasons, Defendants' Supplemental Motion for Summary Judgment will be granted.

   I.   **Factual Background**

On November 20, 2014, Plaintiff William Harris ("Plaintiff") was transferred to the Restricted Housing Unit ("RHU") at SCI-Somerset, and, at that time, his knee braces were confiscated by the Lieutenant on duty. (ECF No. 75-2, ¶¶ 5-7; No. 75-3, ¶¶ 9-11; No. 75-4, ¶¶ 8-10; No. 75-6.) Defendants maintain that Plaintiff's knee braces were confiscated per a DOC policy that requires confiscation of an inmate's property and medical devices any time an inmate

1

goes into the RHU.[1]  Id.  They also maintain that there was a misunderstanding in Plaintiff's case because when the officers called the medical department to confirm that Plaintiff was permitted to have the knee braces in the RHU, they were told that Plaintiff's medical pass for his knee braces had expired.  (ECF No. 75-2, ¶ 8.)  Plaintiff told them that his knee braces were not expired because they were "permanent," (ECF No. 3, p.4), and Plaintiff was informed that he would need to sign up for sick call so that the confusion with his knee braces could be resolved, (ECF No. 75-2, ¶ 12).  Plaintiff refused to sign up for sick call because he was also told that he would get them back when medical cleared them.  (ECF No. 3, p.4; No. 75-2, ¶ 13.)

On November 28, 2014, Plaintiff filed Grievance #538871 (the first grievance) complaining that he had been wrongfully denied his knee braces and seeking their return.  (ECF No. 86-1.)  Officer Robert D. Kinzey Jr. was assigned to investigate the grievance, (ECF No. 86-2, ¶ 7), but the parties dispute what occurred during his investigation.  Specifically, Plaintiff alleges that Kinzey spoke to him over the intercom on December 17, 2014, and informed him that his knee braces were going to be returned to him.  (ECF No. 3, pp.4-5.)  Plaintiff alleges that during this conversation, Kinzey asked him to "sign off" on his grievance in order to get his knee braces back, and when he refused to do so Kinzey refused to return them.  (ECF No. 3, p.5.)  Plaintiff also alleges that later that evening he asked Lieutenant Harr about the status of his knee braces and Harr allegedly responded, "I could drag my feet on gettin' them to you if you keep playing games and don't sign off on [the grievance].  It works both ways."  (ECF No. 3, p.5.)  Following the alleged conversations he had with Kinzey and Harr on December 17, 2014,

---

[1] Plaintiff does not dispute that DOC policy requires the confiscation of an inmate's property, including medical devices, when processed into the RHU.  See ECF No. 89, p.2 (stating that his knee braces were confiscated "per policy" when he was transferred to SCI Fayette on March 17, 2015).

2

Plaintiff filed Grievance #543368 (the second grievance) that same day, accusing Kinzey and Harr of extortion and retaliation. (ECF No. 89-1, p.20.) Plaintiff's knee braces were ultimately returned to him on December 28, 2014. (ECF No. 86-1, p.2; No. 86-2, ¶ 18.)

While Kinzey admits that he did speak with Plaintiff before he issued his initial review response to Plaintiff's first grievance on December 29, 2014, he claims that he did not tell Plaintiff that he had to "sign off" on his grievance in order to get his knee braces back.[2] (ECF No. 86-2, ¶¶ 8, 12, 13, 16.) Instead, Kinzey maintains that he told Plaintiff he had the option to withdraw his grievance because there was an ongoing investigation and if Plaintiff was permitted to have the braces they would be returned to him. (ECF No. 86-2, ¶13.) Harr also denies ever making the statement to Plaintiff about "dragging his feet." (ECF No. 75-4, ¶ 7.)

On December 29, 2014, Kinzey upheld in part and denied in part Plaintiff's first grievance. (ECF No. 86-1, p.3.) In it, Kinzey found that while Plaintiff's knee braces were prescribed to him, he was informed by the medical department that Plaintiff was in no immediate danger of a serious health risk without his braces. Id. Nevertheless, Plaintiff's knee braces had been returned to him the day before, on December 28, 2014. Id.

On January 12, 2015, Lieutenant Thomas J. Regester, Jr., upheld Plaintiff's second grievance in part because per policy it is not required for an inmate to willingly sign off on a grievance. (ECF No. 89-1, p.3.) He noted, however, that it was common practice for staff to resolve grievances by asking inmates to sign off on their grievances if their complaint can be resolved during the investigation. Id. He denied Plaintiff's accusation of retaliation against Kinzey and Harr. Id.

---

[2] Defendants do not specify the exact day on which this conversation occurred, but Plaintiff alleges that it was December 17, 2014.

## II. Standard of Review

Summary judgment is appropriate if, drawing all inferences in favor of the nonmoving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The moving party bears the initial burden of identifying evidence, or the lack thereof, which demonstrates the absence of a genuine issue of material fact. Nat'l State Bank v. Fed.l Reserve Bank of New York, 979 F.2d 1579, 1581-82 (3d Cir. 1992) (citing Celotex, 477 U.S. at 323-25). Once that burden has been met, the nonmoving party may not rest on the allegations in the complaint, but must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting FED. R. CIV. P. 56(e) (1963). *See also* Orsatti v. New Jersey State Police, 71 F.3d 480, 484 (3d Cir. 1995) ("plaintiff cannot resist a properly supported motion for summary judgment merely by restating the allegations of his complaint, but must point to concrete evidence in the record that supports each and every essential element of his case.") (citing Celotex, *supra*).

An issue is genuine only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Finally, while any evidence used to support a motion for summary judgment must be admissible,

it is not necessary for it to be in admissible form. *See* FED. R. CIV. P. 56(c)(2); Celotex, 477 U.S. at 324; J.F. Feeser, Inc., v. Serv-A-Portion, Inc., 909 F.2d 1524, 1542 (3d Cir. 1990).

### III. Discussion

Plaintiff accuses Defendants Kinzey and Harr of not returning his knee braces due to his refusal to sign off on his grievance. He maintains that his knee braces should have been returned to him on December 17, 2014, as evidenced by Defendants' saying that he would get them back if he signed off on his grievance. In support of his claim, he points to Lieutenant Regester's initial review response to his second grievance wherein Lt. Regester stated:

> Staff initiated the common practice of "signing off" on the grievance with the return of said knee sleeves verses resolving the grievance with their return. This is a paperwork process allowed by policy. *However the process to which it was pursued this writer finds the end did not justify the means*; hence a second grievance claiming extortion, retaliation, malicious cruel and unusual punishment.

(ECF No. 89, p.5; No. 89-1, p.3) (emphasis added). Plaintiff also cites the same response as evidence to refute Defendants' claims that they never asked him to sign off on his grievance in order to get his braces back and that the option to withdraw his grievance was not contingent upon the result of the investigation into the security risk of his braces. (ECF No. 89, pp.5-6.) Plaintiff, however, does not provide any evidence showing that his knee braces had been cleared by the medical and security departments as of December 17, 2014, the day he claims they should have been returned to him.

On the other hand, Defendants claim that Plaintiff's knee braces would have been returned to him if and when the security and medical departments permitted their return, regardless of whether or not the grievance was pending or withdrawn. Kinzey denies ever telling Plaintiff that return of his knee braces were conditioned upon his signing off on the grievance and that Plaintiff would receive them that day if he would do so. Instead, he claims that he told

5

Plaintiff that he could withdraw his grievance because the investigation was already ongoing and if he was permitted to have the knee braces, they would be returned to him. Defendants maintain that Plaintiff simply misinterpreted Kinzey's comments.

It is well settled that retaliation for the exercise of a constitutionally protected activity is itself a violation of rights secured by the Constitution, which is actionable under section 1983. Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001); White v. Napoleon, 897 F.2d 103, 112 (3d Cir. 1990). However, merely alleging the fact of retaliation is insufficient; in order to prevail on a retaliation claim, a plaintiff must show three things: (1) that the conduct in which he engaged was constitutionally protected; (2) that he suffered "adverse action"[3] at the hands of prison officials; and (3) that his constitutionally protected conduct was a substantial motivating factor in the defendants' conduct.[4] Rauser, 241 F.3d at 333 (adopting Mount Healthy Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)). Once all three criteria are met, the burden then shifts to the defendants "to prove by a preponderance of the evidence that it would have taken the same disciplinary action even in the absence of the protected activity." Rauser, 241 F.3d at 333. This means that "prison officials may still prevail by proving that they would have made the same

---

[3] An adverse action is one "sufficient to deter a person of ordinary firmness from exercising his rights." Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000).

[4] The crucial third element, causation, requires a plaintiff to prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link. *See* Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007); Krouse v. American Sterilizer Co., 126 F.3d 494, 503-04 (3d Cir. 1997)). The mere fact that an adverse action occurs after a complaint or grievance is filed is relevant, but not dispositive, for the purpose of establishing a causal link between the two events. *See* Lape v. Pennsylvania, 157 F. App'x. 491, 498 (3d Cir. 2005).

decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Id. at 334 (incorporating Turner v. Safley, 482 U.S. 78, 89 (1987)).

Undoubtedly, filing a grievance is a constitutionally protected activity. Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016). However, Plaintiff has not shown that he suffered an adverse action as a result of refusing to sign off on his grievance – namely, that his knee braces were available and ready for his use as of December 17, 2014, and they were being intentionally withheld by Kinzey and Harr for his refusal to sign off on his grievance. Plaintiff could have suffered an adverse action only if he was entitled to use of the knee braces on December 17, 2014, the day Kinzey and Harr allegedly told Plaintiff that he could have them back if he signed off on his grievance. Kinzey and Harr could not have denied Plaintiff his knee braces (the adverse action) if they were not available for use at that time – i.e., the investigation into whether or not he was entitled to them, as confirmed by medical and cleared by security, was still ongoing.

Furthermore, Plaintiff has not shown that his refusal to sign off on the grievance was the motivating factor for the reason that he did not receive his knee braces on December 17, 2014. For example, Plaintiff has not shown that the medical and security departments had cleared the knee braces for his use as of December 17, 2014, and his reliance on Lt. Regester's initial review response to his second grievance does not support his position that his knee braces were ready to be returned to him on December 17, 2014.

Even assuming Kinzey and Harr did make the statements alleged by Plaintiff, he cannot simply rest on the allegations in his Complaint to show that there is a genuine issue of fact for trial, and there is nothing in the record suggesting that there is. Celotex, 477 U.S. at 324.

Therefore, Defendants are entitled to summary judgment on this claim. A separate Order will issue.

Dated: February 24, 2017.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc: William Harris
 CX - 7039
 SCI Fayette
 Box 9999
 LaBelle, PA 15450-0999

 Counsels of record
 *Via CM/ECF Electronic Mail*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM HARRIS, | ) | |
| | ) | Civil Action No. 15 – 39 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| BRIAN HYDE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

**AND NOW**, this 24th day of February, 2017,

**IT IS HEREBY ORDERED** that Defendants' Supplemental Motion for Summary Judgment (ECF No. 83) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc: William Harris
    CX - 7039
    SCI Fayette
    Box 9999
    LaBelle, PA 15450-0999

    Counsels of record
    *Via CM/ECF Electronic Mail*